# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Oral George Thompson,           ) | |
| )                                | |
| Plaintiff,    ) | |
| )                                | Civil Action No. 20-cv-727 (UNA) |
| )                                | |
| )                                | |
| The Western Union Co. *et al.*, ) | |
| )                                | |
| Defendants.   ) | |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of the complaint and the plaintiff's application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted).

The plaintiff is a prisoner at the Federal Correctional Institution in Oakdale, Louisiana, who has sued Western Union and its Account Records Holder Susan Carter for actions they took during the plaintiff's criminal prosecution in this judicial district. *See United States v. Thompson*, 921 F.3d 263, 265, 270 (D.C. Cir. 2019) (affirming conviction for conspiracy to distribute and possess with intent to distribute cocaine (5 kilograms or more) on an aircraft registered in the United States or owned by a United States citizen). The plaintiff alleges that in response to a subpoena, Western Union produced "false and fraudulent, wire transfer documents to prosecutors," and that Carter "rendered false testimony" at his criminal trial when she authenticated the documents. Compl. at 3. Plaintiff seeks $24 million in damages. *Id*. at 4.

The affirmance of the plaintiff's conviction undermines his conclusory claim against Western Union. As for the claim against Carter, "[t]he immunity of . . . witnesses from subsequent damages liability for their testimony in judicial proceedings [is] well established][.]" *Briscoe v. LaHue*, 460 U.S. 325, 330–31 (1983). Therefore, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
CHIEF JUDGE

DATE: April 14, 2020